# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE: VACANT PROPERTY<br>58 Blake Street, Presque Isle, ME 04769 |
| **Joel S. Michaud and Lori A. Michaud** | Mortgage:<br>August 29, 2006<br>Book 4332, Page 101 |
| **Defendants** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Joel S. Michaud and Lori A. Michaud, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Joel S. Michaud, is the obligor and the total amount owed under the terms of the Note is One Hundred Thirty-Seven

Thousand Two Hundred Eighty-Five and 76/100 ($137,285.76) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. The Defendant, Joel S. Michaud, is a resident of Presque Isle, County of Aroostook and State of Maine.

6. The Defendant, Lori A. Michaud, is a resident of Presque Isle, County of Aroostook and State of Maine.

## FACTS

7. On October 25, 2005, by virtue of a Warranty Deed from Travis W. Kearney and Michele E. Kearney, which is recorded in the Aroostook County Registry of Deeds - Southern in **Book 4201, Page 249**, the property situated at 58 Blake Street, City/Town of Presque Isle, County of Aroostook, and State of Maine, was conveyed to Joel S. Michaud and Lori A. Michaud, being more particularly described by the attached Exhibit A;

8. On August 29, 2006, Defendant, Joel S. Michaud, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $52,300.00. Defendants, Joel S. Michaud and Lori A. Michaud's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on August 29, 2006, Defendants, Joel S. Michaud and Lori A. Michaud executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., securing the property located at 58 Blake Street, Presque Isle, ME 04769 which Mortgage Deed is recorded in the Aroostook County Registry of Deeds - Southern in **Book 4332**, **Page 101**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP by virtue of an Assignment of Mortgage dated April 12, 2011 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 4933**, **Page 124**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP by virtue of a Corrective Assignment dated April 8, 2014 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5296**, **Page 187**. *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 15, 2015 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5418**, **Page 308**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated January 31, 2019 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5877**, **Page 109**. *See* Exhibit G (a true and correct copy of the

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated February 11, 2019 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5877**, **Page 107**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1 by virtue of an Assignment of Mortgage dated February 27, 2019 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5877**, **Page 111**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated September 6, 2019 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 5936**, **Page 208**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then ineffectively assigned to Nationstar Mortgage LLC by virtue of an Affidavit of Missing Assignment dated April 28, 2020 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 6022**, **Page 175**. *See* Exhibit K (a true and correct copy of the Affidavit of Missing Assignment is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 9, 2020 and recorded in the Aroostook County Registry of Deeds - Southern in **Book 6088**, **Page 263**. *See* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On December 14, 2020, the Defendants, Joel S. Michaud and Lori A. Michaud, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after

referred to as the "Demand Letter"). *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Joel S. Michaud and Lori A. Michaud, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit M.

21. The Defendants, Joel S. Michaud and Lori A. Michaud, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. The total debt owed under the Note and Mortgage as of February 18, 2021 is One Hundred Thirty-Seven Thousand Two Hundred Eighty-Five and 76/100 ($137,285.76) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $51,072.67 |
| Interest | $50,862.20 |
| Escrow Advance | $18,607.41 |
| Lender Paid Expenses | $16,214.64 |

| | |
|---|---:|
| Deferred Late Fees | $528.84 |
| Grand Total | $137,285.76 |

26. Upon information and belief, the Defendants, Joel S. Michaud and Lori A. Michaud, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 58 Blake Street, Presque Isle, County of Aroostook, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendants, Joel S. Michaud and Lori A. Michaud, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2009, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of February 18, 2021 is One Hundred Thirty-Seven Thousand Two Hundred Eighty-Five and 76/100 ($137,285.76) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $51,072.67 |
| Interest | $50,862.20 |
| Escrow Advance | $18,607.41 |
| Lender Paid Expenses | $16,214.64 |
| Deferred Late Fees | $528.84 |
| Grand Total | $137,285.76 |

33. The record established through the Aroostook County Registry of Deeds - Southern indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendants, Joel S. Michaud and Lori A. Michaud's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Joel S. Michaud and Lori A. Michaud's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Joel S. Michaud and Lori A. Michaud, but only seeks *in rem* judgment against the property.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Joel S. Michaud and Lori A. Michaud, on December 14, 2020, evidenced by the Certificate of Mailing. *See* Exhibit M.

36. The Defendants, Joel S. Michaud and Lori A. Michaud, are not in the Military as evidenced by the attached Exhibit N.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Joel S. Michaud and Lori A. Michaud's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Joel S. Michaud, is in breach of the Note by failing to make payment due as of September 1, 2009, and all subsequent payments, however, as affected by Defendants, Joel S. Michaud and Lori A. Michaud's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendants, Joel S. Michaud and Lori A. Michaud, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendants, Joel S. Michaud and Lori A. Michaud, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 58 Blake Street, Presque Isle, ME 04769;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated:  March 4, 2021

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com